AO 106 (Rev. 7/87) Affidavit for Search Warrant

# United States District Court

DISTRICT OF DELAWARE

In the Matter of the Search of
(Address or brief description of property or premises to be seized)

ING Direct Bank Account No. **REDACTED**

APPLICATION AND AFFIDAVIT
FOR SEIZURE WARRANT

Case Number: 06- 74M-MPT

I, Robert Delgado _____ being duly sworn depose and say: I am a(n) Special Agent, Internal Revenue Service, and have reason to believe that in the District of Delaware there is now certain property which is subject to forfeiture to the United States, namely (describe the property to be seized)

the contents of ING Direct Bank Account No. ___

which is (state one or more bases for seizure under the United States Code)

property involved in, or traceable to, deposits structured to avoid currency reporting requirements in violation of Section 5324 of Title 31, and as such is subject to forfeiture to the United States pursuant to the provisions of Title 18, United States Code, Section 981

The facts to support a finding of Probable Cause for issuance of a Seizure Warrant are as follows:

SEE ATTACHED AFFIDAVIT.

FILED
JUN 21 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Continued on the attached sheet and made a part hereof.   X   Yes   ___ No

_____
Signature of Affiant
Robert Delgado
Special Agent
Internal Revenue Service

Sworn to before me, and subscribed in my presence

June 5, 2006 _____ at   Wilmington, Delaware _____
Date                                                                                              City and State

Honorable Mary Pat Thynge
United States Magistrate Judge
District of Delaware                                        _____
Name and Title of Judicial Officer                       Signature of Judicial Officer

I, Robert Delgado, a Special Agent for the Internal Revenue Service, being duly sworn, depose and state:

1. I am a Special Agent for the Internal Revenue Service (IRS) Criminal Investigation, United States Department of the Treasury. I have been employed by the IRS since August 1986, with the last nineteen years having been spent as a criminal investigator in Wilmington, Delaware. My responsibilities include investigating possible violations of the Internal Revenue laws (26 U.S.C. Section 7201, et. seq. and 6050I), the Bank Secrecy Act (31 U.S.C. Section 5311, et. seq.), the Money Laundering Control Act (18 U.S.C. Sections 1956 and 1957), and related offenses. I am empowered by law to investigate and to make arrests for offenses involving the structuring of currency deposits to evade the reporting requirements of Title 31, United States Code.

2. I have conducted or assisted in conducting numerous investigations of alleged criminal violations of the Internal Revenue, Bank Secrecy, and Money Laundering laws. During my tenure as a Special Agent, I have attended many seminars at which I received training concerning the investigation and seizure of evidence relating to these violations.

3. Title 31, United States Code, Section 5313 and 31 C.F.R. 103 of the Bank Secrecy Act (BSA) require any financial institution that engages with a customer in a currency transaction (i.e., a deposit or withdrawal) in excess of $10,000 to report the transaction to the Internal Revenue Service on Department of the Treasury FinCEN Form 104, Currency Transaction Form ("CTR"). These regulations also require that multiple transactions be treated as a single transaction if the financial institution has knowledge that they are by, or on behalf of, the same person, and they result in currency either received or disbursed by the financial institution totaling more than $10,000 during any one business day.

4. Currency Transaction Reports are often used by law enforcement to uncover a wide variety of illegal activities including narcotics trafficking and money laundering. Many individuals involved in these illegal activities are aware of such reporting requirements and take active steps to attempt to cause financial institutions to fail to file CTR's. These active steps are often referred to as "smurfing" or "structuring" and involve making multiple cash deposits, in amounts no greater than $10,000, to multiple banks and/or branches of the same bank on the same day or consecutive days. Structuring is prohibited by 31 U.S.C. 5324(a)(3).

5. In order to establish the crime of structuring transactions to evade reporting requirements, the government must prove that, for the purpose of evading the reporting requirements of section 5313(a) or any regulation proscribed under any such section, the subject structured or assisted in structuring, or attempted to structure or assist in structuring, any transaction with one or more domestic financial institutions in amounts greater than $10,000.

6. This affidavit is submitted in support of the Application of the United States of America for a Seizure Warrant authorizing the seizure of United States Currency totaling $79,000 contained in account number ._____ ), in the name and/or benefit of Behrooz Razmpour, at ING Direct Bank, 1 South Orange Street, Wilmington, Delaware 19801.

7. Based on the information outlined in this affidavit, as well as my training and experience, it is your affiant's belief that the account holders did not deposit all the cash they had when they actually acquired the cash. Rather, it appears that they acquired one sum of cash at one time, and broke it up into amounts less than $10,001 so that it would not trigger the filing of a Currency Transaction Report (CTR).

8. I am advised that 31 U.S.C. 5317 provides for the forfeiture of "any property involved in a violation of section 5313, 5316, or 5324 of this title, or any conspiracy to commit any such violation, and any property traceable to any such violation or conspiracy," and that such property shall be forfeited pursuant to 18 U.S.C. 981(a)(1)(A).

9. I am advised that, in order to obtain a seizure warrant in a forfeiture case, the government has the initial burden of showing probable cause to believe that a substantial connection exists between the property and the criminal activity (in this case, violations of the currency transaction reporting requirements of 31 U.S.C. 5324(a)). United States v. One 1987 Mercedes Benz 300E, 820 F. Supp. 248, 251 (E.D. Va. 1993) (Ellis, J.). I am further advised that "probable cause" means simply a reasonable ground for belief that goes beyond mere suspicion but need not amount to prima facie proof. Id. at 251-52. This standard requires courts to make a practical, common sense decision whether, given all the circumstances, fair probability exists that the property to be forfeited was involved in or the subject of a transaction violating 5324. Id. See also United States v. Thomas, 913 F.2d 1111, 1114 (4th Cir. 1990).

10. I am further advised that, pursuant to 18 U.S.C. 981, civil forfeiture is triggered by the structuring of cash deposits in violation of 31 U.S.C. 5324, and that, as the Supreme Court has noted, willfulness is not an element of a civil forfeiture action for property involved in a structuring violation. *United States v. Ratzlaf*, 510 U.S. 135, 146 n.16 (1994). Thus, for purposes of seizure of the accounts containing structured cash deposits, it simply does not matter whether the structuring was accomplished *willfully* because

willfulness is not an element of a civil forfeiture case. Accordingly, this affidavit here need only show probable cause that cash deposits into the Razmpours' account in excess of $10,000 were divided into amounts less than $10,000 for deposit in such a manner so as to avoid the filing of CTR's. Unless otherwise stated, the information in this affidavit is either personally known to your affiant or has been provided to your affiant by other law enforcement officers and/or is based on a review of various documents and records as more particularly described herein.

11. The Internal Revenue Service Criminal Investigation Division received information concerning suspicious currency transactions involving Bijan and Behrooz Razmpour and a joint checking account, account number _____, at Commerce Bank in Delaware. The checking account in question was opened on February 18th, 2006, by, and in the names of, Bijan and Behrooz Razmpour, at the Naamans branch in Wilmington, Delaware. Bijan Razmpour listed his job as an Assistant Production Manager. The "Job" section of the account opening application was blank for Behrooz Razmpour. Bijan Razmpour listed his date of birth as _____ and social security number as _____. Behrooz Razmpour listed his date of birth as _____ and social security number as _____. Both listed their address as _____ Road, Wilmington, Delaware 1____ and phone number of (302) _____.

12. A subsequent review of bank statements indicates that within a sixteen business day period of time, the Razmpours made nine currency deposits ranging from $6,200 to $9,800 for a total of $80,960 into the above-described account. The currency deposits were made within days of each other at three different Commerce bank branches. Other than these nine deposits, the only other deposit into the account was the account opening deposit of $300.00 cash made on 02/18/2006.

13. I prepared the following chart based on a review of the Commerce Bank account number _____ for the period of February and March 2006. The chart illustrates the "structuring" of cash deposits and the use of different bank branches.

| Deposit Date | Amount | Branch Location |
|---|---|---|
| 02/25/2006 (Saturday) | $9,000.00 | Chadds Ford, Pennsylvania |
| 02/27/2006 (Monday) | $9,500.00 | Naamans, Delaware |
| 03/01/2006 (Wednesday) | $9,800.00 | Talleyville, Delaware |
| 03/03/2006 (Friday) | $9,660.00 | Talleyville, Delaware |
| 03/07/2006 (Tuesday) | $9,500.00 | Naamans, Delaware |
| 03/08/2006 (Wednesday) | $9,300.00 | Naamans, Delaware |

| | | |
|---|---|---|
| 03/10/2006 (Friday) | $6,200.00 | Talleyville, Delaware |
| 03/13/2006 (Monday) | $9,800.00 | Naamans, Delaware |
| 03/15/2006 (Wednesday) | $8,200.00 | Talleyville, Delaware |
| Total Currency Deposits | $80,960.00 | |

14. A review of withdrawals from Commerce Bank account number               found that Behrooz Razmpour transferred $79,000 to an ING Direct Bank account number            opened by Behrooz Razmpour on March 11, 2006. Behrooz Razmpour is the sole account holder of ING Direct Bank account number            . From the Commerce Bank account number             , Behrooz Razmpour wrote two checks - number 1001 for $9,000.00 and number 1002 for $70,000.00 - that were deposited into the ING Direct Bank account number            . The Commerce Bank check numbered 1001 for $9,000.00 was dated 02/25/2005, but was presented to ING Direct Bank on 03/15/2006. The Commerce Bank check numbered 1002 for $70,000.00 was dated 03/23/2006, but was presented to ING Direct Bank on 03/29/2006. These dates fall within the date range of the "structuring" activity and trace the "structured" funds to the ING Direct Bank account number           . Only one other check was written on the Commerce Bank account for $170.00 and dated 02/23/2006, but was presented on 03/01/2006. The Commerce Bank account balance as of May 12, 2006 was $2,100.00. As of May 31, 2006, the balance in the ING Direct account was $79,604.34. The two check deposits of $9,000 and $70,000 were the only items deposited into the account.

15. Further investigation found that on January 30, 2005, Behrooz Razmpour reported the transportation of $14,797 in United States Currency into the United States from Tehran, Iran. Behrooz Razmpour is a lawful permanent resident "Green Card" holder and reported his address as            Road, Wilmington, Delaware, a date of birth of                        , and citizenship as Iranian. This reporting is required of travelers carrying currency exceeding $10,000 at the time of entry into the United States. The reporting requirement is explained to the traveler through the passing out of a Customs declaration form while onboard the aircraft. If the traveler is carrying currency in excess of $10,000, the Customs declaration form is presented by the traveler to a Customs Inspector who prepares the International Transportation of Currency report.[1] This prior reporting shows that Behrooz Razmpour had knowledge of a currency reporting requirement of currency in excess of $10,000.

16. A search of the Treasury Enforcement Communication System (TECS) confirmed that Behrooz Razmpour entered the United States on January 30,

---

[1] The reporting was made on the Department of the Treasury Financial Crimes Enforcement Network (FinCEN) Report of International Transportation of Currency or Monetary Instruments - Form 105 (Formerly Customs Form 4790).

2005, the date Razmpour declared $14,797 of currency. Also revealed was that Razmpour left the United States on February 23, 2005. No declaration of currency was found upon leaving the United States.

17. It was also found that Behrooz Razmpour re-entered the United States on February 13, 2006. No declaration of currency was found. During this re-entry Behrooz Razmpour told U.S. Immigration Inspectors that he owns a construction company in Iran which he intends to sell when he returns to Iran. No record has been found that Behrooz Razmpour returned to Iran. It should be noted that on February 21, 2006, eight days after re-entering the United States, Commerce bank account            was opened.

18. A search of the Treasury Enforcement Communication System (TECS) found no United States entry or exit record for Bijan Razmpour.

19. I was advised by FBI Special Agent Andrew Pelczar, III, of the Philadelphia, Pennsylvania office that during a national security investigation it was uncovered that the Razmpour address of            Road, Wilmington, Delaware        was used to receive computer equipment to avoid Pennsylvania sales tax. Agent Pelczar believes that the computer equipment was subsequently shipped to Iran in violation of the International Emergency Economic Powers Act, Title 50 U.S.C. 1701 through 1706. Agent Pelczar advised that Behrooz Razmpour, who lives in Iran, is the brother of Bijan Razmpour. Further, Behrooz Razmpour is an architect who purchases properties in Iran and then renovates them for a profit. Agent Pelczar stated that Bijan Razmpour is employed as a supervisor for a manufacturing company located in Chester Heights, Pennsylvania.

20. A review of the account signer information for Commerce Bank account number            found that Behrooz Razmpour provided the same Delaware address and date of birth as reported on the International Transportation of Currency report. I reviewed Commerce bank film of the persons conducting the currency deposits and compared the photos to those of Bijan and Behrooz Razmpour contained in the Delaware Division of Motor Vehicle files. It is my belief that both Bijan and Behrooz Razmpour made the above detailed currency deposits into their Commerce Bank personal checking account number            .

21. A review of two checks written on the Commerce Bank account to transfer the $79,000.00 to the ING Direct Bank account show "Behrooz Razmpour,            Road, Wilmington, DE            " on the top of the checks, and both are signed in the name Behrooz Razmpour. The signatures on both checks appear to be the same as that contained on the Delaware Division of Motor Vehicle file for Behrooz Razmpour.

22. In my training and experience, the use of multiple deposits on the same day, consecutive days, or over a short time span is consistent with a scheme to deliberately avoid having CTR's filed. I know that individuals who acquire cash in the course of their trade, business or personal ventures, usually routinely make significant cash deposits into their bank accounts. Moreover, such individuals routinely make significant deposits that do not consist of round numbers such as exactly $8,900.00, $9,000.00, or $9,900.00. Instead, individuals who routinely acquire cash in their trade, business or personal venture generally regularly deposit different amounts of money that are not "even" amounts, such as $3,455.12, $5,440.37, or $10,300.80. I also know that, when individuals who do not routinely make cash deposits over $5,000.00 actually make multiple cash deposits of amounts such as $8,900.00, $9,000.00, or $9,900.00 over a short period of time, they often are breaking a larger amount of money into separate deposits of amounts less than $10,000.00 to avoid triggering the filing of a CTR. In short, when they do this, they are engaging in structuring.

23. Based on my training and experience, I know that individuals who are engaged in structuring cash deposits into their accounts will make several cash deposits into their account within a short period. Additionally, I know that when a individual makes separate cash deposits into their account on the same day or within a few days, in amounts less than $10,000.00, but totaling more than $10,000.00 as the records reflect that Bijan and Behrooz Razmpour did, they engaged in the act of structuring.

24. Based on the foregoing, your affiant submits that there is probable cause to believe that Bijan Razmpour and Behrooz Razmpour had in their possession a sum of currency at one time, and then structured $80,960 in cash deposits during the period from February 2006 through March 2006 in a manner designed to evade the filing of a FinCEN Form 104 (Currency Transaction Report) that is required for all cash transactions over $10,000. The transactions were conducted with a domestic financial institution and are in violation of Title 31, United States Code, Section 5324.

25. Wherefore, it is hereby requested that Special Agents of the Internal Revenue Service be authorized to seize the contents, namely United States Currency totaling $79,000.00, of account number            3, in the name and/or benefit of Behrooz Razmpour, at ING Direct Bank, 1 South Orange Street, Wilmington, Delaware 19801, as property involved in, or traceable to deposits structured to avoid currency reporting requirements in violation of Section 5324 of Title 31, and as such is subject to forfeiture to the United States pursuant to the provisions of Title 18, United States Code, Section 981.

26. Your affiant further requests that this affidavit, any related application, and any warrant that may be issued be sealed by this Court. It is the affiant's belief that disclosure at this time may jeopardize the ongoing investigation into the described criminal activity.

*Robert Delgado*
Robert Delgado, Special Agent
Internal Revenue Service

SWORN AND SUBSCRIBED TO THIS
5 day of June, 2006

*Mary Pat Thynge*
Mary Pat Thynge
United States Magistrate